The defendant was convicted of attempting to pass a counterfeit note of the Salem Banking Company, knowing the same to be counterfeited.
On motion, in arrest of judgment, it was held, 1st. That the allegation of "the said Salem Banking Co., then and there being an incorporated bank," was a sufficient allegation of the incorporation. *Page 562 
That it was not necessary to aver that it had power to issue notes; and that it was not necessary to alledge that it was incorporated by the legislature of New Jersey; nor to show whether it was in or out of this State. (8 Del. Laws, 175.) 2d. That the allegation that defendant "fraudulently and feloniously did attempt to pass, as true, to one Edward T. Bailey, a certain, falsely made, forged and counterfeited note, in imitation of a note of the Salem Banking Company, which said falsely made and forged and counterfeited note as aforesaid, according to the substance thereof, then and there purported to be a promise made by the said Salem Banking Company, to pay to," c. c., was a sufficient allegation of the note. (Dig. 136.) 3d. Where several felonies of the same kind are charged in several counts the court will, on motion, compel the attorney general to elect on which count he will proceed. The indictment here charged the attempt to pass counterfeit notes of the Salem Banking Company on different individuals, in different counts.